Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured, with Constitution State Service Company as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. In 1998, plaintiff's average weekly wage was $942.89, which yields a maximum compensation rate of $532.00 per week.
5. The issues for determination are:
 a. Whether plaintiff sustained an injury by accident on 20 January 1998, and if so, to what benefits may he be entitled under the Act?
 b. Did plaintiff contract a compensable occupational disease as a result of his employment?
6. The parties stipulated the following exhibits into the record:
a. Plaintiff's A, Medical Records;
b. Plaintiff's C, W-2 Forms for 1997 and 1998;
 c. Plaintiff's D, Lien of Central State Southeast and Southwest Areas Health and Welfare and Pension Fund;
d. Plaintiff's E, Recorded Statements; and
e. Plaintiff's G, Job Description.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, defendant employed plaintiff as a driver and salesman. Plaintiff's duties included driving a route, loading and unloading the truck. Plaintiff had been with the employer for eighteen years.
2. Plaintiff testified that on 19 January 1998, he injured his shoulders when the rolling door of his truck became stuck. Plaintiff reported this incident to his dispatcher and to the Freight Operations Manager.
3. On 20 January 1998, plaintiff sought treatment for right shoulder pain from orthopedic surgeon Dr. Jeffrey Kuhlman. Plaintiff reported a history of shoulder pain for the past three years. Plaintiff specifically denied any specific injury or incident at work which led to his shoulder pain.
4. Dr. Kuhlman provided a course of conservative treatment and injections in the right arm.
5. Plaintiff returned to Dr. Kuhlman on 21 August 1998 with complaints of bilateral shoulder pain. Diagnostic testing revealed a tear in the rotator cuff and dislocated biceps tendon in the right shoulder.
6. A March 1999 MRI revealed a tear in plaintiff's left rotator cuff and a dislocated biceps tendon. Plaintiff subsequently began to complain of bilateral hand symptoms.
7. On 19 August 1999, Dr. Kuhlman performed surgery on plaintiff's left shoulder and wrist. Following the surgery, plaintiff's left carpal tunnel syndromes resolved. However, he developed reflex sympathetic dystrophy in the left arm.
8. Between 19 August 1999 and 10 January 2000, plaintiff was excused from work due to the left arm surgery.
9. Plaintiff would benefit from right shoulder surgery and requires treatment for his left reflex sympathetic dystrophy.
10. On 5 July 2000, Dr. Kuhlman released plaintiff's right carpal tunnel.
11. The competent medical evidence in the record supports a finding that plaintiff's bilateral carpal tunnel syndrome was occupational in origin. However, there is no evidence to support a finding that this disease was characteristic of or peculiar to plaintiff's employment. To the contrary, Dr. Kuhlman did not have a complete understanding of plaintiff's job duties.
12. Plaintiff worked from 11 January 2000 until 4 July 2000. He has been out of work since 5 July 2000 as a result of the right carpal tunnel surgery.
13. There is insufficient medical evidence in the record to support a finding that plaintiff's bilateral rotator cuff tears were a result of an incident or accident at work. In fact, Dr. Kuhlman opined plaintiff's shoulder symptoms were as a result or repetitive motion in the employment. However, this opinion cannot be accepted as competent evidence due to Dr. Kuhlman's lack of knowledge of plaintiff's specific job duties.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease under the Act. This requires the plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. G.S.97-53(13); Hansel v. Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101 (1981). Plaintiff has failed to establish these elements by competent evidence in I.C. No. 949259.
2. There is likewise no evidence in the record to suggest that the plaintiff suffered an injury by accident on or about 20 January 1998 (I.C. No. 910357). G.S. 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claims are DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
RCR:db